13253.   HULSE, administrator, *et al., v.* STARKE *et al.*

STEPHENS, J. 1. Since the alleged contracts sued on (which are similar) contain a promise on the part of the plaintiff to perform certain named services for the defendant, such as furnishing a truck and paying the wages of a driver and a helper for the purpose of hauling laundry work between the defendant's laundry and one of the defendant's customers, " in consideration for which " the defendant agrees to pay the plaintiff a certain proportionate sum of the defendant's contract price with such customer, the contracts sued on contain mutual promises, and a demurrer to the petition upon the ground that the contracts were void as lacking in mutuality was improperly sustained. A provision in the contracts to the effect that the defendant " should pay " certain of the expenses of the operation of the truck of the plaintiff, such as the wages of the driver and helper, not in excess of a certain amount, which the plaintiff had obligated himself to furnish, and that the defendant should charge the same against the amount due the plaintiff by the defendant under the contract, does not nullify the promise of the plaintiff to furnish the truck and pay the expenses of its operation as provided in the contract.

2. The petition as amended alleged a contract and its breach, and was good as against the demurrers interposed.

*Judgment reversed. Jenkins, P. J., and Bell, J., concur.*

DECIDED NOVEMBER 23, 1922.

Complaint; from Richmond superior court — Judge Henry C. Hammond. December 20, 1920.

*Isaac S. Peebles Jr.,* for plaintiff.
*C. H. & R. S. Cohen,* for defendant.